Alaska is this morning is four eleven zero eight seven nine Kester Trust company or the appellant is when Braden reason and Rick Keller Are you both going to argue? No? For the appellee is Sean Hawking you are he William Sunderman Are you both going to argue? Okay That was Kelly you may proceed Please court counsel My name is Rick Keller, and I represent the petitioners Larry Koester and Gerard Koester This is really a relatively simple case if the document that was destroyed by Maurice Koester That winter night was a duplicate original of the December 5 1980 will that sits in the circuit clerk's office in Coles County Was a duplicate original that was a duplicate original that he destroyed then we're really wasting our time here today Because we all agree that when a testator destroys One of two duplicate originals that it destroys the other as well The puzzling part of this case though is What document was burned by Maurice Koester that winter night? and The fact is we simply do not know The testimony of Virginia Hayes who is the witness who was there let me just pause right that make sure I understand What it is you're saying Um What if someone has duplicate original wills And they're both in his possession, and he burns one And he doesn't burn the other what's the effect of it? The will is revoked what if he had duplicating Original wills and he burns one and he doesn't have the other which is in his lawyer's office or someplace else it is remote So your position is as long as he burns one of them He's revoked That's correct. I believe that's the status of the law But our point is is that there was absolutely no evidence in the record to support the proposition That the document he burned was a duplicate original of the December 5 1980 will Virginia Hayes did not read document She did not examine the document. It was not read to her. She did not know its contents the objectors case we believe Hinges on the fact that they believed it was a duplicate original and they based that entirely on the evidence deposition Testimony of Robert Cummins who was an attorney in the office of attorney William Kidwell Whom they believe prepared this will because mr. Cummins testimony was about the custom and practice of attorney Kidwell to have duplicate originals prepared have the testator sign both give one to the Testator and keep one himself. Let me ask this counselor a lot of facts floating around here And I want to make sure I'm just having correctly But one of them is is my understanding correct that mr. Kidwell died before the date of this will that's correct some 21 months. He died in February of 1979 is there any this and the will in the clerk's office That is supposedly the duplicate original was dated December December 5 of 1980 But I disagree with the characterization that the will of the clerk's office is a duplicate rich Well assuming it is I just for the moment in any event Well because I want to go back in and ask what is the discussion or explanation or argument? Since mr. Kidwell was dead for how many months 20 months 21 months 21 months who? Who is it to the estate claims Well I believe they they claim that it was mr. Kidwell, but then when faced with the fact that he died some 21 months before I believe in each of the briefs it said well You know it's probable that there were other attorneys in the office, and it's probable that they followed the custom and practice of Mr.. Kidwell well we had a deposition from who is it the other one in the office Robert Cummings And he didn't write the one that's right he testified that he did not prepare the will and and he had no knowledge of Seedent and there's absolutely no evidence in the record that there were any other attorneys in the office besides Kidwell and Cummins Let alone any evidence that that those Attorneys Probably or might have followed attorney Kidwell's practice did miss Hayes Testified even though she didn't read the will If I remember correctly she said it said last will testament that she See an indication of a law firm on the will I don't believe she said she testified that the Will that was in the court file looked like the document that Seedent burn Looked like same size You know backing, but I I don't believe she said she noticed the name of any law firm Now the trial court Acknowledged that there was no clear evidence that the will or the document burned by the Seedent was a duplicate original and As we mentioned in the case of Durell versus Boyd that we cited. We don't believe that that presumption Operate to supply the absence of proof. Well, let me set you there. There's no question If I understand correctly that The Seedent in this case mr. Kester Maurice Kester burnt a will Let's say you saw that that's disputed. That's the yes, that's the testimony and the undisputed evidence And he did that some years after he was married I don't know that there was an actual year. I know in the brief the objectors say it was the winter of 1993 But I don't know that that she testified as to a specific date. She testified that was winter But I don't know that we know the year, but it was after 1980. Yes Do you or did anyone provide any? Speculation as to what will this was or where it came from Well and and it purely is speculation at the risk of saying the objectors engage in conjecture and speculation, but I Believe that Patricia Custer the Seedent's wife Anonymously sent the will to the certain clerk At the time of Maurice Kester's death She did file a petition as it's saying that that he died in test fame asking the letters of administration Be issued to her sometime after that she discovered she had a terminal illness and I believe that it was a you know that she found it or realized that she had it and Decided that she should file the will and she did it anonymously so that's your scenario though you can see that's entirely speculative That's correct What's their counter-speculation on what it was that was burnt? Well, it was done look at original of December 1980 well, okay But but it still had to come from somewhere. Yes it did and And the reason I think that it's it's more likely the scenario that it came from Patricia Custer the deceitous wife If we assume that attorney Kidwell well We can't assume that attorney Kidwell prepared the will because it's not likely that you Prepare a will in February 7 or before February 79 and wait some two years to have it executed But if if their scenario is correct there were duplicate originals prepared the testator had one and the attorney kept the other There would be no reason that the attorney would anonymously send the will to the clerk if it was found in the office later I Would think the attorney would take it to the clerk and say here. Here is this will I need to file it the anonymous? Sending is very strange fact in this case Who would do that one? Well III as I said, I believe it was the the widow of the test thing when facing her mortality Thought that she should do the proper thing filed well But but again that is speculation though the will does appear that is the 19-year-old appears to be inconsistent with what the Establisher would have wanted to do I mean that's the will of a single guy isn't it yes it is but You know there was testimony during the hearing that he was a knowledgeable well read intelligent fellow and it seems unlikely that if He had wanted to change his testamentary plan That he would just merely burn the will I would think that he would prepare a new But he didn't do that So we believe it that the Trial judge glossed over the fact that there was no evidence that it was a duplicate original and Bootstrap these other things in into saying that was evidence that it was a duplicate original And that it was a revoke Mr.. Custer burned something, but we don't know what it was the burn and the I believe the objectors Case hinges on the fact that it was a duplicate original that Is conditioned or depends on the testimony of Mr.. Cummins And we just don't believe it's there So we would respectfully request This court reverse the finding of the trial court remand case To the circuit court with directions to admit that December 5 Thank You counsel Sunderman Thank You the police the court counsel counsel I'm Tony Sunderman from the Brainerd office in Charleston. It's my privilege to be here on behalf of the estate of Tricia Custer With me is mr.. Sean Hawking from the firm of Craig Craig imagine. He represents first mail my bank and trust Is the independent administrator of the Maurice Custer? Because of the divided argument rule I'm going to address the court, but mr.. Hawking will be at least answer any questions Okay now with respect to the position of the appellants I sat here this morning, and I listened to him say it seems to me We believe the court glossed over And we're not here to talk about what could have might have We're here to determine whether or not the learned trial judge Abused his discretion did he come to a conclusion that's against the man at this point the evidence Did he decide in an arbitrary manner that the will had been revoked? Did he come to a conclusion no other person could come to based upon the evidence the answer is obviously The testimony is complete Almost to a law professor's satisfaction with respect to what Virginia Hayes saw She saw him Get up from the table go into a room come back out with a pomp though, and he told her it was his will The testimony in the transcript relates to her conversation with him where he said it was his will He wanted to revoke it and she saw the instrument and she sat in the courtroom in front of the trial judge And she examined this will that had arrived in the mail And she said it looks just like this one it had last will and testament on it The face of the will is has a white what we call a blue back. It's white and it says kid well Cummins and vast The will incidentally was witnessed by mrs. Kidwell She was one of the witnesses Not only did she die she's I think she's still alive Well, was there any she wasn't anywhere near the courthouse however when this matter was tried Well who wrote the will is I think I think probably mr. Kidwell did You heard the question raised by mr. Keller about that. He wrote the will 21 He dies 21 months prior to the date of the will correct. What's your explanation for how that works? to first of all in my own experience I know I've done work for guys who came back a year later and said hey Did you do that? Did you get this contract or did you write the will and I've had people come in and sign a will more than a year? Because they just never quite got around to it Secondly my response is so what? Does that issue Tell you that the trial for acted unreasonably in finding a revocation I don't think so all of the evidence pointed to the fact that this was a will He said it was a will the witness saw it she is correct. She did not read it But she saw it By the way, yes, mr. Kelly. I want to get your view as well. Do you agree with his assessment on the destruction of wills? Yes, I do. It makes no difference whether dealing with duplicate originals whether the Test stater has both copies or just one copy of the second copy is elsewhere I think that's I think he's correct in that regard and gets consistent with the Millsap case and the moves case and a long line of cases that deal with that with that issue, so I don't dispute that but I do dispute the argument that It couldn't have been a will How do we know it was a will and the judge made some quantum leap in logic by fighting? When the testator himself said it was his will the witness who observed the burning Saw the instrument and said it looked just like it We had the testimony by deposition of the lawyer who who officed with mr. Kidwell was a partner mr. Kidwell who testified that it was the custom and practice and many of us who got along in years can remember when it was a Sort of a sacrosanct policy of many lawyers Always keep a copy of the will because it was good business and certainly that that's consistent with the findings of the court It was a duplicate will apart from that we have the testimony of Maurice's own comments where he indicated when I die sell the farm and move to town The farm isn't big enough to support two families That Observation by the testator himself is consistent with his destruction and completely inconsistent with the terms and conditions of the purported will finally When he died there was no will of any kind found in his possession the only will ever surface comes Anonymously in the mail addressed to the probate judge months after his death and There is no explanation to this day Who had possession of that instrument? Where it came from whether it's the same There's nothing about that will That explains how it got there, and why it's where it is today, but it's clearly The last will and testament of mr. Kester unless there's some reason not to admit it there It's it is the last will and testament if you find the trial court was wrong in finding it Why is it the normal way of proceeding we've got a will it should be admitted the probate and it should be challenged this Statute provides that the that you can challenge it at this point in time the court May hear evidence on the issue of revocation and that's what the court did What's your theory on? Where this will was and where it came from? Which I don't have I don't know I mean Well you know the point of the matter is we're not here to speculate We're here to look at what the trial court did whether it was right or wrong My own personal opinion is maybe one of the brothers had it all along I Can you know to say this was a death bed? Revelation by the widow that you know God came upon her and directed her to give that will up I think it's just it's just Given the testimony that's in the record if the intent of mr. Kester is supposed to be important here regarding his statements about Selma farmer whatnot Why didn't you write the will providing that is then why? And her go the lady who was the witness this is a testify that she had had conversations with him over the years about estates and how things had happened and wills that had been written and didn't come out right and The trial court I think could logically find There is evidence in the record to suggest that this man knew if he didn't have a will that all went to her He didn't have any children Yeah, no joke this woman was his only his only heir and you don't have to have What's unknown is From the record there is some joint property that went to her automatically not all of the way was in his name But what he acquired before they were married was and that's that's The only explanation I can offer is he knew he didn't have to have a will when there were no children to spoil Proceeds so to speak so you think a brother could I have the will and turn it in later as logical as anything Absolutely, they benefit under the terms Somebody somebody must have had position But to suggest that that the widow committed perjury by signing an affidavit Husband died in testate and then had some revelation later and sent it to the judge anonymously is Stretch and again, we're trying to determine whether the trial court acted Non arbitrarily was this decision Consistent with the evidence was that a reasonable decision could it could have been different maybe but was it an abuse no I? Circumstances is it reasonable to believe That this just had to be the same way While it is speculation isn't it also particularly given the death of the individual who may have written or prepared the will originally that He Went to somebody else and if there's more than one will floating around Particularly and I I don't think that this is unusual Necessarily distinctive to farming or rural areas, but I Bet that if we got a group of 20 lawyers in a room and they'd practice more than 20 or 25 years They would tell stories about Though the client got mad at the lawyer and went to somebody else and say I want you to draft a will You have a will no Because I'm not even going to talk about that one. I made with Charlie because he didn't you know he billed me Whatever it is and there are multiple will be Not just could be but we know I believe we know that that does sometimes have absolutely okay sure And and just stand here and tell you I there could be no other wheels I can't yeah nothing else has surfaced and Certainly the only will that has mysteriously appeared is one that was drafted two years before he got married You would have assumed that after he was married Assumptions and speculate he would have included something for his wife who The evidence is they had a close relationship. She converted his religious preferences She moved from town where she liked living to the country where she didn't So I would have thought that had he created another instrument subsequent to the marriage I think the trial court should be affirmed. Thank you counsel. Thank you Mr.. Sunderman commented that we're not here to speculate, but I would suggest that that's exactly what the trial court is Speculated that this will that was burned Wasn't do good original. I would I also Disagree with mr. Sunderman's characterization that standard review here is one of the views of discretion or manifest way to the evidence the objectors claim that that Will that was destroyed was a duplicate original is conditioned upon a finding that It was a duplicate original That finding that it was a duplicate original depends on solely on the deposition testimony of Robert Cummins who testified about attorney kidwell's practices and As the case that we cited in our brief the estate of hook If the evidence before the trial court consists of depositions of documentary evidence the appellate court isn't bound By any factual findings by the trial court and may make an independent Judgment was there any attempt to? Ascertain whether or not the law has kept a copy The draft that was the will that was prepared. I don't believe so nobody asked nobody looked I know I didn't This is still speak with mr.. Mrs.. Kidwell, but it's the office still open yes I Always kept copies Of wills not not signed copies, but I had a copy of my file So in case somebody wanted to sue me I could say and I'm sure every attorney does But no nobody looked here. That's that's right I would also note that You know the cases Cited by the objectors to talk about the presumption of revocation They all hinge on on the fact that the will Was in the exclusive possession of the testator and can't be found at his death or that duplicate originals were signed Or were executed and one was destroyed, but again in this record. There is no evidence of either one of those Situations being present, but there's no evidence that Maurice Custer was an exclusive possession of his will and And as we've we've talked about there is no No evidence that it was a duplicate original or the duplicate originals were So again, we would would ask that that this case be Thank You counsel take this matter